PEASE PIANO CO. v. WATERLOO ORGAN CO.

(Supreme Court, Appellate Division, First Department.   December 9, 1898.)

1. WITNESS—CREDIBILITY.
    One who, as agent of defendant, received from G., plaintiff's agent, in payment of G.'s individual indebtedness, a note belonging to plaintiff, though made to G., is an interested witness, whose credibility is for the trial court.

2. NOTES—BONA FIDE HOLDER—BURDEN OF PROOF.
    Plaintiff having proved that a note taken from plaintiff's agent by defendant in payment of the agent's individual indebtedness was plaintiff's property, though made to the agent as payee, defendant has the burden of proving that it was a bona fide holder for value, without notice.

3. SAME—CONVERSION.
    Defendant, by delivery of a note belonging to plaintiff to the maker for value, converted it, so that plaintiff may recover the amount of the note.

Appeal from trial term.

Action by the Pease Piano Company against the Waterloo Organ Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

S. R. Ten Eyck, for appellant.
F. C. Cantine, for respondent.

INGRAHAM, J.   The action was tried at trial term, without a jury. The complaint alleges that one Gise was the agent of the plaintiff for the sale of pianos in the counties of Schuylkill and Carbon, in the state of Pennsylvania, under an agreement whereby all pianos delivered to Gise by the plaintiff for sale "as aforesaid, until sold, and, when sold, the proceeds thereof, and all notes and other instruments received by him therefor immediately, should be and remain the property of the plaintiff, and all such notes and other instruments should be taken by said Gise in the name of the plaintiff"; that Gise sold and delivered to one Grosskettler a rosewood pianoforte, the property of the plaintiff, for $180, upon condition that if, within six months "from said last-mentioned day, he, said Grosskettler, should not perceive the advantage of having said piano, he might return it to the plaintiff"; that, in payment of said sum of $180, Grosskettler made his promissory note at Shenandoah, aforesaid, whereby, 90 days after date, he promised to pay Gise the sum of $180, and delivered said note to Gise; that subsequently Gise indorsed and transferred said note to the defendant, solely in consideration and upon account of an indebtedness then past due from Gise to the defendant, and without the knowledge or authority of the plaintiff, unlawfully and in

violation of his powers as the agent of the plaintiff; that at such time the defendant knew that Gise was the agent of the plaintiff, that said note was the property of the plaintiff, and that Gise had no power or authority so to indorse or transfer said note; that, notwithstanding, the defendant unlawfully converted and disposed of said note to its own use, surrendering and delivering it to Grosskettler, who thereupon delivered it to the defendant, and the defendant accepted said piano in satisfaction of the note; that the defendant became possessed of the piano, which was worth $180; and that the plaintiff duly demanded the piano of the defendant, but the latter refused to deliver the same to the plaintiff.  The answer admits that Grosskettler made his promissory note as alleged, and delivered such note to Gise, and that subsequently Gise indorsed and transferred the note to the defendant; and further alleges that Gise sold and delivered to Grosskettler the piano described in the complaint, made by the plaintiff, which Gise had purchased of the plaintiff; that the note given by Grosskettler to Gise was in payment of the purchase price, or a part thereof, of the piano; that Gise, for value received, duly indorsed said note, and delivered the same to the defendant; that the defendant received said note in the ordinary course of business, in good faith, before maturity, and for a good, full, and fair value and consideration, and without any knowledge or information that it was in any way connected with said piano manufactured by plaintiff, or that it had been given in payment of the purchase price thereof; that, when the note became due and payable, it was presented for payment at the bank where it was payable, and payment demanded, which was refused, whereupon said note was duly protested for nonpayment; that thereafter the defendant demanded payment of said note from Grosskettler, who then offered to pay the note by delivering to the defendant the piano described in the complaint; that such offer was accepted by the defendant, and Grosskettler thereafter delivered the piano to the defendant in payment of the note.

The case came on for trial, and a jury was waived.  The plaintiff proved the agreement between itself and Gise, whereby it was provided that "all pianos consigned in pursuance of this agreement until sold, and, when sold, the proceeds thereof, and all notes, mortgages, leases, and other instruments and securities received by the consignee in the course of said business, shall be and remain the property of the company, and all notes, mortgages, contracts, or other instruments and leases herein provided for shall be taken in the name of the company, and in the form prescribed by it."  The plaintiff further proved that the piano mentioned in the complaint was sent to Gise under this agreement on April 9, 1896.  The defendant called one Chamberlain, who testified that he was its agent; that he got the note from Gise on the day of its date, and delivered it to the defendant; that at that time he (Chamberlain) had a note of Gise, the property of the defendant, for $300, which had been protested; that he went to Gise's home at Wilkesbarre, Pa., to secure payment of this past-due note for $300, and that Gise gave him this note for $180 and $120 in cash in settlement, and that, when he took the note, he did not know it belonged to the plaintiff; that, at the time

of the receipt of the note in question, he did not deliver up to Gise the latter's past-due note for $300, Gise being indebted to the defendant in quite a large amount besides the $300. This note of Gise was produced in court by the defendant. It was dated December 27, 1895, payable 90 days after date, and on the back of the note was indorsed:

May 14. Received on within cash, J. H. C.......................... $125 75
 "    "       "       "       "  Joseph, Grosskettler, proceeds of note... 176 40

The judge filed his decision, by which he found "that, at the time the defendant received said one hundred and eighty dollar note from Gise, it was aware that the latter was selling pianos on commission for the plaintiff, and knew that said Gise had sold a piano to said Grosskettler, and that said last-mentioned note was taken in payment therefor, and that said Gise was financially embarrassed, and it had reason to believe that said Grosskettler had perpetrated frauds upon itself in his business dealings with it, for whom he likewise sold pianos and organs on commission"; that the defendant did not purchase said note in good faith, in the usual course of its business, or part with any value therefor; and that it is not a purchaser in good faith or for value; and that, before the commencement of the action, the defendant transferred and disposed of said note, by delivering the same back to the maker thereof, and accepting in place and stead thereof the said piano so sold by the plaintiff. As a conclusion of law, the court found that the plaintiff was the owner of said note, and that the same was wrongfully and fraudulently converted by the defendant to its own use; and a judgment was directed for the value of the note and interest.

We think, on the admissions in the answer and the evidence on the trial, that this finding was sustained. This note was received by Gise, payable to his own order, instead of to the order of the plaintiff, in violation of his agreement with the plaintiff. It was the proceeds of the sale of the plaintiff's property, and was, by the agreement between the plaintiff and Gise, the property of the plaintiff. Having proved that the note in suit was its property, the plaintiff was entitled to its possession, unless the defendant proved that it was a bona fide holder thereof, for value, and without notice of the plaintiff's title. The burden was upon the defendant to show that its title to the note was superior to that of the plaintiff. Considering Chamberlain's connection with the transaction, and his relation to the defendant, he was an interested witness, and the question of his credibility was for the trial court; and we think, in view of all the circumstances disclosed, that the refusal of the court to find that the defendant acquired the note in good faith, without notice of the plaintiff's title thereto, was not against the weight of evidence, and that the conclusion of law that the plaintiff was entitled to judgment for the amount of the note and interest was proper. The defendant, by the delivery of the note to the maker for a consideration, converted the note to its own use, and the plaintiff was entitled to a judgment for the amount of the note.

It follows that the judgment was right, and it is affirmed, with costs. All concur.